UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL FOOTBALL LEAGUE,<br>WASHINGTON REDSKINS, and DANIEL<br>SNYDER,<br><br>　　　　　Defendants. | CIV. NO. 20-00008 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED
<u>IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On January 6, 2020, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint. Plaintiff's amended complaint must be filed by **April 13, 2020**. Because Plaintiff is allowed to file an amended

complaint, the Application will not be ruled upon until the amended complaint is filed and screened.

## BACKGROUND

Plaintiff brings this action against Defendants National Football League ("NFL"); the Washington Redskins, a professional football team in the NFL; and Daniel Snyder ("Snyder"), who Plaintiff alleges is the owner of the Washington Redskins (all collectively "Defendants"). [Complaint at ¶¶ 4-6.] Plaintiff states he is a "resident and/or citizen of the state of Florida." [Id. at ¶ 3.] Plaintiff does not identify the type of entity that the NFL is – for example, a corporation or a partnership – but, he alleges the NFL's "principal place of business (ppb) and/or 'nerve center'" is in New York. [Id. at ¶ 4.] Similarly, Plaintiff does not identify the type of entity that the Washington Redskins organization is, but he alleges the team's home field is in Maryland and the organization's headquarters is in Virginia. Plaintiff does not make any allegations regarding Snyder's citizenship, but he provides the Washington Redskins organization's mailing address as Snyder's address. [Id. at ¶¶ 5-6.]

The crux of the Complaint is that Defendants are all responsible for the use of "the 'likeness' of Native Americans/American Indians in a racist and offensive manner." [Id. at pg. 1.] Plaintiff asserts a defamation claim

2

("Count I") and a trademark infringement claim, pursuant to the Lanham Act, 15 U.S.C. § 1114(a)(1) ("Count II"). [Id. at pgs. 6-8.] Plaintiff asserts subject matter jurisdiction exists based on: diversity jurisdiction, pursuant to 28 U.S.C. § 1332; [id. at ¶¶ 9, 12;] federal question jurisdiction, pursuant to 28 U.S.C. § 1331, in light of the Lanham Act claim; [id. at ¶ 10;] and federal question jurisdiction, in light of "potential civil rights violations involving Title VII of the Civil Rights Act of 1964" ("Title VII"), [id.]. He also asserts the United States District Court for the District of Hawai`i ("District of Hawai`i") is the proper venue, pursuant to 28 U.S.C. §§ 1391 and 1400. [Id. at ¶ 11.]

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that

3

> 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to

4

> Rule 12(b)(6) without notice where plaintiff
> could not prevail on complaint as alleged). . . .
> "Federal courts are courts of limited
> jurisdiction," possessing "only that power
> authorized by Constitution and statute." United
> States v. Marks, 530 F.3d 799, 810 (9th Cir.
> 2008) (quoting Kokkonen v. Guardian Life Ins.
> Co., 511 U.S. 375, 377 (1994)). The assumption
> is that the district court lacks jurisdiction.
> See Kokkonen, 511 U.S. at 377. Accordingly, a
> "party invoking the federal court's jurisdiction
> has the burden of proving the actual existence of
> subject matter jurisdiction." Thompson v.
> McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

**DISCUSSION**

**I. Personal Jurisdiction**

Federal question jurisdiction exists over Plaintiff's Lanham Act claim.[1] See § 1331. Because Plaintiff's defamation claim is "part of the same case or controversy" as his Lanham Act claim, supplemental jurisdiction exists over that claim. See 28 U.S.C. § 1367(a). Further, there is no reason for this Court to decline to exercise supplemental jurisdiction over Count I. See § 1367(c). It is therefore unnecessary to address

---

[1] This Court does not address Plaintiff's allegations regarding Title VII because such a claim is not pled in the Complaint. Plaintiff merely indicates that he may bring a Title VII claim in the future. See Complaint at ¶ 10.

5

whether the requirements for diversity jurisdiction are met in this case.

The personal jurisdiction analysis in a case based on federal question jurisdiction is the same as the personal jurisdiction analysis in a case based on diversity jurisdiction, except that Fifth Amendment due process rights are implicated. See, e.g., Kowalski v. Anova Food, LLC, Civ. No. 11-00795 HG-RLP, 2012 WL 3308884, at *5 n.1 (D. Hawai`i Aug. 10, 2012). This Court has stated:

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the defendant] depends on federal due process requirements.
>
> The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471

> U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d
> 528 (1985) (quoting Int'l Shoe Co. v. Washington,
> 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95
> (1945)).  The Due Process Clause requires that
> defendants have "certain minimum contacts with
> [Hawaii] such that the maintenance of the suit
> does not offend traditional notions of fair play
> and substantial justice."  Int'l Shoe, 326 U.S.
> at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems
> Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th
> Cir. 1977).  The minimum contacts required mean
> that the defendant must have purposefully availed
> itself of the privilege of conducting activities
> within the foreign jurisdiction, thereby invoking
> the benefits and protections of the foreign
> jurisdiction's laws.  See Asahi Metal Indus. Co.
> v. Sup. Court of Cal., Solano County, 480 U.S.
> 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92
> (1987).  In applying Due Process Clause
> requirements, courts have created two
> jurisdictional concepts – general and specific
> jurisdiction.
>
> A court may exercise general jurisdiction
> over the defendant when the defendant is a
> resident or domiciliary of the forum state, or
> the defendant's contacts with the forum state are
> continuous, systematic, and substantial.
> Helicopteros Nacionales de Columbia, S.A. v.
> Hall, 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80
> L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at
> 1287 . . . .
>
> Specific jurisdiction, on the other hand,
> may be found when the cause of action arises out
> of the defendant's contact or activities in the
> forum state.  See Roth v. Garcia Marquez, 942
> F.2d 617, 620 (9th Cir. 1991); Data Disc, 557
> F.2d at 1287. . . .

Barranco v. 3D Sys. Corp., 6 F. Supp. 3d 1068, 1077-78 (D.

Hawai`i 2014) (some alterations in Barranco) (some citations

omitted).

7

A.  **General Jurisdiction**

First, nothing in the Complaint indicates that any of the Defendants either: 1) is a resident or domiciliary of the State of Hawai`i; or 2) has contacts with Hawai`i that are so "continuous, systematic, and substantial" that general jurisdiction is warranted.  See Helicopteros, 466 U.S. at 416. Therefore, general jurisdiction over Defendants is lacking.

B.  **Specific Jurisdiction**

> [The Ninth Circuit] employ[s] a three-part test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:
>
> > (1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> >
> > (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> >
> > (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
>
> Brayton Purcell [LLP v. Recordon & Recordon], 606 F.3d [1124,] 1128 [(9th Cir. 2010)] (internal quotation marks omitted).  As [the plaintiff] bears the burden of establishing the district court's jurisdiction over [the defendant], it must satisfy the first two prongs.  If it does so, then [the defendant] must come forward with a "'compelling case' that the exercise of jurisdiction would not be reasonable."

>     CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d
>     1066, 1076 (9th Cir. 2011) (quoting Burger King
>     Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S. Ct.
>     2174, 85 L. Ed. 2d 528 (1985)).

Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 672 (9th Cir. 2012) (footnote and some citations omitted).[2]

### 1. **Purposeful Direction**

"Purposeful direction requires a defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Lazar v. Kroncke, 862 F.3d 1186 (9th Cir. 2017) (brackets, citations, and internal quotation marks omitted). In analyzing whether a defendant purposefully directed his activities at the forum state, the district court must focus upon "the relationship between the defendant, the forum, and the litigation." Brennan v. Hawai`i, CIV. NO. 17-00163 HG-RLP, 2017 WL 3187215, at *4 (D. Hawai`i

---

[2] In light of Walden, Brayton Purcell and Washington Shoe have been abrogated as to the "individualized targeting" theory. Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) ("Following Walden, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what Walden requires."). "A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" Id. at 1069 (quoting Washington Shoe, 704 F.3d at 675). The "individualized targeting" theory does not apply in this case because the Complaint does not allege Plaintiff is a Hawai`i resident.

July 26, 2017) (citing Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014)).  Under the Walden analysis, "the relationship must arise out of contacts that the defendant **himself** creates with the forum State," and the court must "look[] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  571 U.S. 277, 284-85, 134 S. Ct. at 1122 (emphasis in Walden) (citations and internal quotation marks omitted).

The Complaint does not allege facts showing that any of the Defendants expressly aimed intentional acts at Hawai`i and that those acts caused harm which that Defendant knew was likely to be suffered in Hawai`i.  Further, the Complaint does not allege any of the Defendants purposefully availed itself or himself of the privileges of conducting business in Hawai`i.

## 2. Other *Washington Shoe* Prongs

The second Washington Shoe prong requires that the plaintiff's claim arise out of the defendant's forum-related activities.  704 F.3d at 672.  This factor is not met because there is no allegation that Defendants have forum-related activities.  The third Washington Shoe prong requires that the exercise of jurisdiction over the defendant be reasonable.  Id.  Exercising jurisdiction over any of the Defendants would be unreasonable because Plaintiff has not established the first two prongs of the analysis.

**3. Ruling**

This Court therefore concludes that it does not have specific jurisdiction over any of the Defendants. Because the Complaint fails to plead a basis for personal jurisdiction over any of the Defendants, the Complaint fails to state a claim upon which relief can be granted and must be dismissed. See Lopez, 203 F.3d at 1126-27. However, because it cannot be said "it is absolutely clear that no amendment can cure the [jurisdictional] defect," Plaintiff is entitled to the opportunity to amend his Complaint. See Lucas, 66 F.3d at 248. The dismissal of Plaintiff's Complaint is therefore without prejudice. In other words, Plaintiff will be allowed to file an amended complaint to address whether there is personal jurisdiction over Defendants.

**II. Venue**

This Court also notes that venue appears to be improper in this case because none of the parties are citizens of Hawai`i and none of the allegations in the Complaint arise out of actions or omissions in the State of Hawai`i. See 28 U.S.C. § 1391(b). "Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy

v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[3]

Section 1391(b) states:

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The plaintiff has the burden of showing that venue is proper in this district." Spagnolo, 2015 WL 7566672, at *2 (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

If a district court determines that a case has been filed in an improper venue, it should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim

---

[3] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

12

to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)), *report and recommendation adopted as modified on other grounds*, 2016 WL 3440566 (June 20, 2016).

Based on the allegations of the Complaint, it does not appear that venue is appropriate in the District of Hawai`i pursuant to either § 1391(b)(1) or (2). Further, in light of the analysis in Discussion Section I, venue in the District of Hawai`i is not appropriate under § 1391(b)(3) because none of the Defendants is subject to personal jurisdiction in this district. This Court also notes that Plaintiff appears to have brought actions similar to the instant case in multiple district courts throughout the country. One district court recently noted:

> Plaintiff has filed complaints nearly identical to the instant pleading, against the same Defendants, in other districts. In these cases, listed below, the courts have acted on Plaintiff's IFP application, and, in some instances, dismissed his action:
>
> •Middle District of Florida (Case No. 5:19-cv-00525-JSM-PRL), *appeal dismissed*, Emrit v. Nat'l Football League, Case No. 19-14936 (11th Cir. Dec. 10, 2019) (denying IFP and dismissing case for lack of subject-matter jurisdiction)

>  > •District of Maryland (Case No. 8:19-cv-02968-PJM), *on appeal*, Emrit v. Nat'l Football League, Case No. 19-2434 (4th Cir. Dec. 16, 2019) (granting IFP and dismissing case as frivolous)
> >
> > •Southern District of Iowa (Case No. 4:19-cv-00334-CRW-HCA), *on appeal*, Emrit v. Nat'l Football League, Case No. 19-3705 (8th Cir. Dec. 18, 2019) (denying IFP)
> >
> > •District of Columbia (Case No: 1:10-cv-03086-UNA), *on appeal*, Emrit v. Nat'l Football League, Case No. 19-7165 (D.C. Cir. Dec. 20, 2019) (granting IFP and dismissing for lack of standing)
> >
> > •Eastern District of Virginia (Case No. 1:19-cv-01302-CMH-TCB), *on appeal*, Emrit v. Nat'l Football League, Case No. 20-1040 (4th Cir. January 14, 2020) (granting IFP)
> >
> > •District of Massachusetts (Case No. 1:19-cv-12272-PBS), *on appeal*, Emrit v. Nat'l Football League, Case No. 20-1079 (1st Cir. Jan. 24, 2020) (dismissing action without prejudice and denying IFP as moot)[.]
>
> In addition, Plaintiff previously filed three identical complaints—stating the same allegations against the same Defendants—that are pending before other district courts:
>
> > •District of Hawaii (Case No. 1:20-cv-00008-LEK-WRP) (filed January 6, 2020)
> >
> > •District of Oregon (Case No. 6:20-cv-00024-MK) (filed January 6, 2020)
> >
> > •District of Alaska (Case No. 5:20-cv-00001-SLG) (filed January 7, 2020)[.]

Emrit v. Nat'l Football League, Case No. 20-cv-00062-BAS-LL, 2020 WL 619526, at *1–2 (S.D. Cal. Feb. 10, 2020) (footnote omitted). The fact that Plaintiff has filed the same or similar

14

actions in multiple districts is relevant to the venue analysis in this case, and it may also be relevant to the analysis of whether Plaintiff can state a claim upon which relief can be granted. Thus, if Plaintiff chooses to file an amended complaint, the amended complaint must include allegations showing that venue in the District of Hawai`i is proper, including why this case should remain in the District of Hawai`i, in spite of the related actions Plaintiff has filed in other districts.

III. **Summary and Leave to Amend**

Plaintiff's Complaint has been dismissed, without prejudice, for lack of personal jurisdiction. In other words, Plaintiff will have the opportunity to file an amended complaint. If Plaintiff chooses to file an amended complaint, he must do so by **April 13, 2020**, and the amended complaint must plead factual allegations supporting: 1) personal jurisdiction over each of the Defendants; and 2) venue in the District of Hawai`i.

Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned

15

that, if he fails to file his amended complaint by **April 13, 2020**, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend.  Plaintiff would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

IV.  **Application**

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time.  This Court will therefore reserve ruling on the Application until Plaintiff files an amended complaint.  If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Complaint, filed January 6, 2020, is HEREBY DISMISSED.  The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order.  Plaintiff is GRANTED leave to file his amended complaint by **April 13, 2020**.  The amended complaint must comply with the terms of this Order.

In addition, the Court HEREBY RESERVES RULING on Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, filed January 6, 2020.  If Plaintiff chooses to file an amended complaint, and if at least a portion of the amended complaint survives the screening process, the merits of the Application will be addressed.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAI`I, February 28, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD SATISH EMRIT VS. NATIONAL FOOTBALL LEAGUE, ET AL; CV 20-00008 LEK-WRP; ORDER IDSMISSING PLAINTIFF'S COMPLAINT AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**